UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON PIERS,                                           Case No. 1:06-CV-135

    Plaintiff,                                       Hon. Richard Alan Enslen

v.

RICKEY LYNN HIGGS and
MARK VANDENBERG,
                                          **OPINION**

    Defendants.
_____/

    This matter is before the Court on Defendant Mark VandenBerg's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. The Motion has been fully briefed and the Court discerns no reason for oral argument. W.D. MICH. LCIVR 7.2(d).

    Pursuant to Rule 56, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 474 U.S. 574, 587 (1986).

    Plaintiff has sued for violation of her Fourth Amendment right to be free from unreasonable searches, arrest and prosecution pursuant to 42 U.S.C. § 1983. Plaintiff has alleged that Defendant

VandenBerg and Defendant Rickey Lynn Higgs conspired to violate § 1983 by planting drugs and a partially full bottle of wine in her car and affecting an arrest the night before a scheduled child custody hearing.  Plaintiff further alleges a state claim of malicious prosecution.

After careful review of the record, the Court finds it does contain disputed facts requiring trial.  In regards to the § 1983 claim, there exists a genuine issue of material fact regarding whether Defendant VandenBerg had "probable cause to believe a traffic violation [had] occurred or was occurring" such that the initial traffic stop was permitted.  *United States v. Bradshaw*, 102 F.3d 204, 210 (6th Cir. 1996) (quoting *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1991) (en banc)).[1] In a § 1983 action, the Sixth Circuit has held that the issue of probable cause is a question for a jury unless there is only one reasonable interpretation of the evidence.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995).  In the present case, Plaintiff asserts she was not speeding and Defendant VandenBerg had no legitimate reason to stop her car.  (Resp. Ex. 9, Piers Dep. at 14.)  In a light most favorable to Plaintiff, the Court finds there is a clear dispute over whether the initial traffic stop was legal and, therefore, summary judgment is improper.

Defendant VandenBerg's claim of qualified immunity must also be denied.  "When a claim to qualified immunity is raised within the context of a motion for summary judgment, the non-movant must allege facts sufficient to indicate that the act in question violated clearly established law at the time the act was committed."  *Russo v. Cincinnati*, 953 F.2d 1036, 1043 (6th Cir. 1992). Therefore, Plaintiff must state facts which indicate the violation of a clearly established law and "present evidence sufficient to create a genuine issue as to whether the defendant in fact committed

---

[1]Defendant's argument that subsequent consent to a search of the vehicle obviates any need for a warrant ignores the first factual issue in the case: whether Defendant had probable cause to initially stop Plaintiff's car.

2

those acts."[2] *Id*. citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As detailed above, Plaintiff has alleged sufficient facts to show that, if true, there was a violation of her constitutional right to be free from an unreasonable search and seizure under the Fourth Amendment of the Constitution. There is no question that if Defendant VandenBerg initiated a traffic stop without probable cause, such an action would violate the "clearly established law" under the Fourth Amendment. *See Ferguson*, 8 F.3d at 391; *see also Terry v. Ohio*, 392 U.S. 1 (1968). Further, examining the record in a light most favorable to Plaintiff, there are sufficient facts which raise a question as to whether Defendant VandenBerg had probable cause to arrest or prosecute Plaintiff *after* the search of her vehicle. Plaintiff apprised Defendant VandenBerg of the fact she was due in court the next day over a custody dispute with her soon-to-be ex-husband. This fact called into question the motivation and credibility of Defendant VandenBerg's "source" regarding Plaintiff's drug use and habit, which information was allegedly the only reason he was following Plaintiff on that occasion.[3] In light of these facts, Defendant VandenBerg's claim of qualified immunity must be denied.

There also exist genuine issues of material fact as to whether Defendant VandenBerg maliciously prosecuted Plaintiff. Under Michigan law the elements of a malicious prosecution claim

---

[2]There is no dispute that Defendant VandenBerg was the officer who initiated the traffic stop and the subsequent search of Plaintiff's car and Plaintiff's arrest.

[3]The Court notes Defendant VandenBerg was aware at the time of the traffic stop that his source, Defendant Riggs, was co-owner of the car, he had previously supplied Defendant VandenBerg with a "sample" of his wife's cocaine, and indicated he had access to the vehicle. (Resp. Ex. 9, VandenBerg Dep. at 69, 115.) Defendant Riggs also told Defendant VandenBerg that he and his wife were not in the middle of a divorce or a custody battle. (*See* Ex. 3 at 1-130, 1-131; Resp. Ex. 9, VandenBerg Dep. at 65-66.) These facts, taken in a light most favorable to Plaintiff, show that at the time of Plaintiff's arrest, Defendant VandenBerg was aware that Defendant Riggs had lied in regards to the status of his relationship with his wife and he had access to the drugs and Plaintiff's car.

are: (1) a favorable termination of the action against the plaintiff; (2) the defendant had no probable cause for the prosecution; and (3) the defendant acted maliciously. *King v. Arbic*, 406 N.W.2d 852, 858 (Mich. App. 1987) (quoting *Belt v. Ritter*, 171 N.W.2d 581 (1969)); *see also Matthews v. Blue Cross & Blue Shield*, 572 N.W.2d 603 (Mich. 1998) (adopting same). It is undisputed that there was a favorable termination of the charges against Plaintiff. (Resp. Ex. 5.) Pursuant to clearly established Michigan law, "a defendant may escape liability for malicious prosecution by showing that he in good faith fully and fairly revealed all material facts within his knowledge to the police or prosecutor, who then in exercise of his uncontrolled discretion proceeded to prosecute." *Ft. Wayne Mortg. Co. v. Carletos*, 291 N.W.2d 193, 195 (Mich. App. 1980) (citing *Ringo v. Richardson*, 278 N.W.2d 717 (Mich. App. 1979)); *see also Wilson v. Yono*, 237 N.W.2d 494, 496 (Mich. App. 1975).

Plaintiff has raised sufficient issues of material fact as to whether Defendant VandenBerg "fully and fairly" revealed all of the relevant material facts to the prosecuting attorney, Kent D. Engle, who authorized the subsequent warrant. Indeed, Defendant VandenBerg's first summary of the report, which was given to Attorney Engle, did not include the fact that Defendant VandenBerg's "valid source" was the soon-to-be ex-husband whom Plaintiff asserted had framed her upon her arrest nor did the report reveal Defendant VandenBerg and Defendant Riggs' relationship. (*See* Resp. Ex. 1 at 1-118 - 1-121.) The prosecuting attorney further asserts he only later became aware of Plaintiff's claim of a set-up during a phone call from Plaintiff's defense attorney. (Resp. Ex. 9, Engle Dep. at 6.) Defendant VandenBerg also did not include in his first report any indication that his "valid source" had lied about his marital status. (*See* Resp. Ex. 1 at 1-118 - 1-121.) In light of

4

these facts, there exists a genuine issue of material fact as to whether Defendant VandenBerg "fully and fairly" revealed the pertinent facts to the prosecuting attorney.

Under Michigan law, "it is a recognized rule that malice may be inferred from want of probable cause." *Matthews*, 572 N.W.2d at 610 n.16 (citation omitted). As previously detailed, Plaintiff has carried her burden of showing a genuine issue of material fact exists as to whether Defendant VandenBerg had probable to stop her vehicle. Plaintiff has also demonstrated a genuine issue of material fact as to whether Defendant VandenBerg was truthful to the prosecuting attorney. Therefore, under Michigan law a malicious motive may be inferred. *Id*. Accordingly, there exist genuine issues of material fact in regards to Plaintiff's claim of malicious prosecution and summary judgment is not appropriate.

Additionally, Plaintiff has alleged a federal claim of malicious prosecution under § 1983, and the Court will analyze Defendant VandenBerg's claim of qualified immunity for this claim separately. *See Thacker v. City of Columbus*, 328 F.3d 244, 258-59 (6th Cir. 2003); *Albright v. Oliver*, 510 U.S. 266 (1994). To constitute a federal claim of malicious prosecution in violation of the Fourth Amendment, Plaintiff "must show, at minimum, 'that there was no probable cause to justify [her] arrest and prosecution.'" *Thacker*, 328 F.3d at 258 (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001)). As previously discussed, when a defendant seeks qualified immunity at the summary judgment stage of litigation, "the non-movant must allege facts sufficient to indicate that the act in question violated clearly established law at the time the act was committed." *Russo*, 953 F.2d at 1043. As examined *supra*, Plaintiff has alleged sufficient facts to show that, if true, there was a violation of her constitutional right to be free from a malicious prosecution and investigation under the Fourth Amendment. If Defendant VandenBerg did not have

5

probable cause to affect the traffic stop and if he also was not truthful when revealing facts to the prosecuting attorney who authorized the warrant, such conduct would violate the "clearly established law"under the Fourth Amendment. *See Thacker*, 328 F.3d at 258; *Darrah*, 255 F.3d at 312. Viewing the record in the light most favorable to Plaintiff, a genuine issue of material fact exists as to whether there was probable cause for the arrest or prosecution. Therefore, Defendant VandenBerg's request for qualified immunity for this claim will also be denied.

Accordingly, the Court will deny Defendant VandenBerg's Motion for Summary Judgment. An Order consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>  May 4, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |