UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON LYNN PIERS,
        Plaintiff,

No. 1:06-cv-135

-v-

HONORABLE PAUL L. MALONEY

RICKEY LYNN HIGGS and
DEPUTY MARK VANDEN BERG,
        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE

This matter comes before the Court on Defendant Vanden Berg's motion (Dkt. No. 59) in limine. Plaintiff Piers filed a response. (Dkt. No. 63.) The issue has been adequately briefed and oral argument is unnecessary to resolve the motion. *See* W.D. MICH. L.CIV.R. 7.3(d).

LEGAL STANDARD

The Federal Rules of Evidence do not specifically contemplate the use of motions in limine, however, their use has evolved under the federal courts' inherent authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). *See also Figgins v. Advance America Cash Advance Centers of Michigan, Inc.*, 482 F. Supp.2d 861, (E.D. Mich. 2007) (explaining such motions find some basis for authority under Fed. R. Evid. 103(c) which provides that jury proceedings should be conducted "so as to prevent inadmissible evidence from being suggested."). The decision to grant or deny a motion in limine is within a trial court's discretion. *United States v. Certain Lands Situated in the City of Detroit*, 547 F.Supp. 680, 681 (E.D. Mich. 1982). The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial, as well as to focus the issues

to be considered by the jury. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Motions in limine allow the trial judge to eliminate from consideration evidence that should not be presented to the jury because it would not be admissible for any purpose. *Id.*; *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson*). Such motions may also be used to prevent a jury from exposure to prejudicial evidence. *Provident Life & Accident Ins. Co. v. Adie,* 176 F.R.D. 246, 250 (E.D. Mich. 1997); *Certain Lands*, 547 F.Supp. at 681. Generally, when a motion in limine does not raise questions about admissibility of evidence or that evidence would be prejudicial, the motion will be denied. *See Goldman v. Healthcare Mgt. Sys., Inc.*, 559 F. Supp.2d 853, 873 (W.D. Mich. 2008) (Maloney, J.).

ANALYSIS

Defendant Vanden Berg requests the Court exclude from trial any evidence relating to four issues: (1) references to Ottawa County defending or indemnifying Defendant Vanden Berg; (2) references to Plaintiff's willingness to take a polygraph and/or Defendant Higgs' unwillingness to take a polygraph; (3) references to whether members of the Ottawa County Sheriff's Department encouraged Plaintiff to sue; and (4) suggestions that Defendant Vanden Berg did not complete his February 7, 2004 report until after April 23, 2004. With regard to the fourth category of evidence, Defendant Vanden Berg states Plaintiff has "repeatedly, falsely asserted that Deputy Vanden Berg's full report was started on February 7, 2004 and completed on April 23, 2004 almost three (3) months later." (Defendant's Motion in Limine at 3.) Defendant explains the bates stamp numbers upon which Plaintiff bases her allegation are simply a product of the manner in which the Sheriff's Department's files are kept and how the file was photocopied. Defendant concludes a review of the folder will clarify what happened and "why Plaintiff's interpretation of the file is misleading and

unfair." (*Id.* at 5.)

In response, Plaintiff claims to have no issue with the first three requests, but disagrees with the fourth request. Plaintiff argues Defendant Vanden Berg neglected to contact her to ascertain whether the motion would be opposed, as required by Local Rule 7.1(d). *See* W.D. Mich. L.Civ.R. 7.1(d). Plaintiff requests costs and fees "for having to respond to a motion based on Defendant Vanden Berg's failure to seek compliance." (Plaintiff's Brief in Opposition at 4.)

Plaintiff argues the date on which the report was prepared is a question of fact. Plaintiff denies making any false accusations and urges the Court to carefully read the excerpted portion of her appellate brief quoted by Defendant Vanden Berg. Plaintiff asserts she has never claimed to know when the document was actually prepared. Plaintiff explains the information in the handwritten report and the typed report suggests the two were not prepared contemporaneously. Plaintiff requests the Court order Defense Counsel to produce the original files where the documents are kept and provide Plaintiff's counsel with a copy of the documents as they are kept in the regular course of business. Plaintiff further requests an award of attorney fees for having to defend the fourth part of the motion in limine "which is based on a complete misrepresentation of Plaintiff's position, which falsely accuses Plaintiff of trying to mislead the court and the jury and which is based on absolutely no authority." (*Id.* at 4.)

Defendant Vanden Berg's motion is **GRANTED IN PART and DENIED IN PART.** The first three parts of Defendant's motion are GRANTED as unopposed. The fourth part of Defendant's motion is DENIED. Defendant's request does not seek to exclude evidence. Rather, Defendant seeks to exclude an argument. The evidence in support of Plaintiff's argument includes, among other things, the differences in the handwritten and typewritten reports and the sequencing

of the bates stamps. The reports are obviously relevant evidence and are therefore admissible. FED. R. EVID. 401 and 402. The probative value of the reports is not substantially outweighed by any prejudice, confusion or potential waste of time. FED. R. EVID. 403. Both parties may offer explanations about any potential significance of the sequencing of the bates stamps. The probative value, if any, of the bates stamps is not substantially outweighed by any prejudice, confusion or potential waste of time. *Id.*

Plaintiff's request for costs and attorney fees is **DENIED**. The remedy for failure to seek concurrence under the Local Rule 7.1(d) is denial of the motion without prejudice, not sanctions. *See Yetman v. CSX Transport., Inc.*, No. 1:08-cv-1130, 2009 WL 35351 *1 (W.D. Mich. Jan. 6, 2009) (Maloney, C.J.) (quoting, among others, *Krygoski Const. Co. v. City of Menomiee,* No. 2:04-cv-076, 2006 WL 2092412 *2 (W.D. Mich. July 26, 2006) (Edgar, J.)). The Court will not consider Plaintiff's request for costs and fees as a motion under Rule 11 of the Federal Rules of Civil Procedure as no separate motion has been filed. *See* FED. R. CIV. P. 11(c)(2); *Griffin v. Reznick*, ___ F.Supp.2d ___, 2008 WL 5110528 n. 6 (W.D. Mich. Dec. 2, 2008) (Maloney, C.J.). The Court does have inherent authority to assess costs and fees as a sanction. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) ("the imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself"). In order to levy such a sanction, the court must find a party's acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-259 (1975)). Although Defendant neglected to follow the local rule, such conduct, in this instance, is not tantamount to bad faith, vexatiousness, or oppressiveness.

Plaintiff's request for an order requiring Defendant Vanden Berg to produce the original files is **DENIED.**  Discovery has been closed in this case for some time.

CONCLUSION

Defendant Vanden Berg's motion (Dkt. No. 59) in limine is **GRANTED IN PART and DENIED IN PART.**  Based upon Plaintiff Higg's response, Plaintiff shall not reference (1) any defense or indemnification of Defendant Vanden Berg by Ottawa County, (2) Plaintiff's willingness and/or Defendant Higg's unwillingness to take a polygraph, and (3) whether members of the Ottawa County Sheriff's Department encouraged Plaintiff to sue.  Plaintiff is not prohibited from arguing Defendant Vanden Berg's report was completed at different times.  Plaintiff Higg's request for costs and fees is **DENIED.**  Plaintiff's request for an order requiring Defendant Vanden Berg to produce a copy of the original files where the documents are kept is **DENIED.  IT IS SO ORDERED.**

Date:   January 27, 2009               /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       Chief United States District Judge