UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON LYNN PIERS,
        Plaintiff,

No. 1:06-cv-135

-v-

HONORABLE PAUL L. MALONEY

RICKY LYNN HIGGS and
DEPUTY MARK VANDEN BERG,
        Defendant.

OPINION AND ORDER ON POST TRIAL MOTIONS

Before the Court are several post trial motions. The jury returned a verdict in favor of Defendants on Plaintiff Piers' claim for violation of 48 U.S.C. § 1983. The jury found in favor of Plaintiff on her claim for malicious prosecution against Defendant Higgs. Defendant Vanden Berg filed a motion (Dkt. No. 97) for costs and fees. Plaintiff Piers has filed four motions. Plaintiff filed a motion (Dkt. No. 99) to treble the damages awarded on her claim against Defendant Higgs. Plaintiff filed a proposed bill of costs and fees. (Dkt. No. 101). Plaintiff filed a motion (Dkt. No. 103) to add interest on her damages award. Finally, Plaintiff filed a motion (Dkt. No. 105) for an extension of time to file a reply to Defendant Higgs' response to her motion to treble the damages awarded.

*Defendant Vanden Berg's Motion for Costs and Fees (Dkt. No. 97)*

Rule 54(d) of the Federal Rules of Civil Procedure states "unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney fees - should be allowed to the prevailing party." Trial courts have discretion to award as costs the expenses outlined at 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Under section 1920, a judge may tax as costs (1) fees of the Clerk, (2) fees for printed or electronically recorded transcripts necessarily obtained or used in the case, (3) fees and disbursements for printing and witnesses, (4) fees for exemplification and the costs of making copies of materials where the copies

are necessarily obtained for use in the case, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation for court appointed experts and for interpreters. 28 U.S.C. § 1920; *Hadix v. Johnson*, 322 F.3d 895, 899-900 (6th Cir. 2003).  If the cost falls under one of the authorized categories, the court must determine whether the cost was reasonable and necessary.[1] *BDT Prods. v. Lexmark, Int'l, Inc.*, 405 F3d 415, 417 (6th Cir. 2005).

The parties disagree as to whether Defendant Vanden Berg is entitled to all of the costs requested.  Defendant Vanden Berg filed a bill of costs requesting $4,133.53.  Defendant Vanden Berg requests $450 under section 1920(1), $1,499.86 under section 1920 (2) $1,449.30 under section 1920(3), and $734.37 under section 1920(4).  Plaintiff filed a response objecting to the costs which fall under section 1920(1), fees of the Clerk, and section 1920(2), fees for printed or electronically recorded transcripts necessarily obtained or used in the case.  Plaintiff argues the fee and costs were incurred when Defendant Vanden Berg unsuccessfully appealed the district court's denial of qualified immunity.

Defendant Vanden Berg is not entitled to costs and fees associated with his unsuccessful appeal.  Rule 39(e) of the Federal Rules of Appellate Procedure authorizes a district court to award

---

[1]The Sixth Circuit Court of Appeals has not clarified whether the burden is on the prevailing party to show the requested costs are reasonable and necessary or whether the burden is on the party opposing cost to show that the presumption in favor of awarding costs should be set aside because the requested costs are either unnecessary or unreasonable. *See White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986); *Twee Jonge Gezellen (PTY) Ltd. v. Owens-Illinois*, No. 3:04-cv-7349, 2008 WL 905996 * 4 n. 53 (N.D. Ohio Mar. 31, 2008) (Boyko, J.).  *But see Irwin Seating Co. V. Int'l Bus. Machines Corp.*, No. 1:04-cv-568, 2008 WL 1869055 * (W.D. Mich. April 24, 2008) (Bell, C.J.) (placing the burden on the prevailing party). As the court is required to subject the requested costs to careful scrutiny, *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964) *reversed on other grounds*, *Crawford Fitting Co.*, 482 U.S. at 437, prudent prevailing parties will provide some support for the conclusion that the requested costs were reasonable and necessarily obtained for use in the lawsuit.  *See Twee Jonge Gezellen*, 2008 WL 905996 * 4 n. 53.

costs on appeal "for the benefit of the party entitled to costs under this rule." FED. R. APP. P. 39(e). The rule identifies four categories of costs that may be awarded, including the fee for filing the notice of appeal, FED. R. APP. P. 39(e)(4), and the preparation and transmission of the record, FED. R. APP. P. 39(e)(1). Although the appellate related costs requested by Defendant Vanden Berg may be awarded by a district court, Defendant Vanden Berg is not a "party entitled to costs under this rule." Subsection (a) of Rule 39 identifies four possible outcomes of an appeal and specifies how fees are awarded under each outcome. FED. R. APP. P. 39(a). Subsections (a)(2)-(a)(4) of Rule 39 govern appeals of judgments. Because Defendant Vanden Berg appealed a denial of his motion for summary judgment, specifically the portion denying his claim for qualified immunity, the appeal falls under subsection (a)(1) of Rule 39. That portion of the Rule provides "if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise." FED. R. APP. P. 39(a)(1). Because Defendant Vanden Berg did not prevail on his appeal, he is not entitled to costs under Rule 39, even though he was a prevailing party at trial. *See Bazzetta v. Caruso*, 183 F.App'x 514, 515 (6th Cir. 2006) (per curiam) ("Rule 39 provides for costs taxed against the losing party on appeal."); *Mason v. Texaco, Inc.*, 131 F.R.D. 697, 698 (D. Kan. 1990) (denying a motion to vacate an assessment of costs against the plaintiff where the defendant prevailed on appeal, even though the plaintiff prevailed upon retrial and explaining "[p]laintiff's argument confuses the distinction between appellate costs assessed to the prevailing party on appeal and trial costs assessed under Fed. R. Civ. P. 54(d) to the prevailing party in the trial court.")

Defendant Vanden Berg requests this Court warn Plaintiff that any further legal fees incurred by Defendant as a result of Plaintiff's continued litigation of the matter would be subject to an award of attorney fees in favor of Defendant. Plaintiff argues Defendant Vanden Berg's request is little

more than a request for an advisory opinion. Plaintiff acknowledges that attorney fees may be awarded in favor of a prevailing defendant in a civil rights case. *See Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986) (holding such an award "is an extreme sanction, and must be limited to truly egregious cases of misconduct" (citing *Christianburg Garment Co. v. EEOC* 434 U.S. 412, 422 (1978)).

Defendant Vanden Berg's motion (Dkt. No. 97) is **GRANTED IN PART and DENIED IN PART.** Defendant Vanden Berg is awarded $2,234.23 in costs. Plaintiff does not object to Defendant's proposed costs for $1,449.30 under section 1920(3), and $734.37 under section 1920(4). Defendant is entitled to those costs as a prevailing party, as the costs were both necessary and reasonable. Defendant is not entitled to the costs incurred as part of his unsuccessful appeal. This Court elects not to warn Plaintiff that pursuing an appeal will necessarily result in an award of attorney fees against her. Plaintiff's response demonstrates her understanding of the potential consequences of a frivolous or bad faith appeal.

*Plaintiff's Motion to Extend Deadline to Reply to Response to Motion for Treble Damage Award (Dkt. No. 105)*

Plaintiff's moved for additional time to file a reply to Defendant Higgs' response to Plaintiff's motion to treble damages. The motion is not a dispositive motion and, under the local rules, no reply brief may be filed without leave of the Court. W.D. MICH. L. CIV. R. 7.3(c). Furthermore, where leave to file must be granted by the court, the proposed document must be attached to motion seeking leave to file. W.D. MICH. L. CIV. R. 5.7(g). The Court, in its discretion, will consider Plaintiff's request for an extension of time as a request to file a reply as well. Plaintiff's failure to attach the proposed reply is excused for the reasons given in the motion for requesting an extension of time.

Accordingly, Plaintiff's motion (Dkt. No. 105) for an extension of time and to file a reply brief is **GRANTED.**

*Plaintiff's Motion to Treble Damage Award (Dkt. No. 99)*

At trial, Plaintiff Piers prevailed on her malicious prosecution claim against her former husband, Defendant Rickey Higgs. The Court requested the parties submit briefs on the issue of treble damages under the MCL § 600.2907. Plaintiff submitted her motion and Defendant Higgs submitted a response.

The statute at issue authorizes treble damages only for "actions in which a party brings suit against a person who had instituted proceedings against the current plaintiff in the name of another, without the named person's consent, or where no such person is known." *Camaj v. S.S. Kresge Co.*, 393 N.W.2d 875, 879 (Mich. 1986). Tracing the history of malicious prosecution actions back to their origins in common law, the Court concluded the treble damages provision was ""intended as a paranormal remedy for a particular type of malicious prosecution action by evidence that early courts routinely applied a different standard for damages in 'straw-party' suits." *Id.* The statute does not authorize treble damages for malicious prosecution on the basis that a criminal charge was brought against the civil plaintiff in the name of the People of the State of Michigan. *Id.* at 880. *See Id.* at 880-881 (Archer, J. dissenting in part) (arguing that foreclosing treble damages when the underlying suit giving rise to the malicious prosecution claim was a criminal charge would bar most plaintiffs with malicious prosecution claims from ever being awarded treble damages). *See also Dickerson v. Sosa*, No. 227462 and 229035, 2002 WL 1275630 (Mich. App. June 7, 2002) (per curiam) (reversing a trial court's award of treble damages in a civil malicious prosecution suit against investigating police officers in an underlying drug case because "*Camaj* is squarely on point with regard to

defendants' argument and has not been overruled").

To the extent Plaintiff Piers' authority suggests a different result, the Court notes the three cases cited in Plaintiff's motion[2] were all decided prior to *Camaj* or were based on conduct which occurred before *Camaj* was issued.  In *Camaj*, the Michigan Supreme Court acknowledged its decision advanced a "totally new interpretation of § 2907" and therefore held that the decision had prospective effect only.  393 N.W.2d at 880.  The conduct giving rise to Plaintiff's claim occurred years after *Camaj* was released and therefore Plaintiff's claim is subject to its holding.  Plaintiff's reply brief acknowledges the holding in *Camaj*, but questions whether the Michigan Supreme Court would now decide the issue the same way.  Regardless of the answer to Plaintiff's question, Michigan Supreme Court precedent on issues of Michigan law control in this situation.

Accordingly, Plaintiff Piers' motion (Dkt. No. 99) is **DENIED.**

*Plaintiff's Proposed Bill of Costs and Fees (Dkt. No. 101)*

As the prevailing party on her claim for malicious prosecution against Defendant Higgs, Plaintiff submitted a proposed bill of costs and fees.  Plaintiff requests (1) $250 for the filing fee, (2) $210.13 for service and process fees, (3) $2,529.18 for printed or electronically recorded transcripts necessarily used in the case, (4) $374.92 for witness fees and $53.50 for fees for exemplification and for the cost of making copies of materials where the copies are necessarily used in the case. Defendant Higgs' concedes the following are appropriately taxed as costs: (1) $250 filing fee, (2) $56.05 for service of process fees, (3) $374.92 for witness fees and (4) $53.50 for exemplification fees.

---

[2] Plaintiff cites *Abdul-Mujeeb v. Sears Roebuck and Co., Inc.*, 397 N.W.2d 193 (Mich. App. 1986), *Rivers v. Ex-Cell-O Corp.*, 300 N.W.2d 420 (Mich. App. 1980) and *Bass v. Spitz*, 522 F.Supp. 1343 (E.D. Mich. 1981).

Defendant Higgs objects to the other costs requested by Plaintiff as unnecessary to her claim on which she prevailed. Defendant Higgs explains the other costs were related to Plaintiff's claim for conspiracy and not for her claim for malicious prosecution. Specifically, Defendant Higgs objects to the costs related to the depositions of Deputies Vugteveen, Ditmar, Vanden Berg and Nieboer, Assistant Prosecuting Attorneys Bunce and Engle, Sergeant Ward, Sheriff Rosema, and Lieutenant Bennett. Defendant Higgs also objects to the recovery of costs for the deposition of Plaintiff Piers. The necessity of a deposition is determined at the time of the taking and whether a deposition is actually used at trial is not controlling. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Subsections 1920(2) and 1920(4) have been interpreted to allow costs related to the taking, transcribing and reproducing depositions. *Id.*

Plaintiff's proposed bill of costs (Dkt. No. 101) is **GRANTED.** Plaintiff's proposed bill of costs consists of a fill-in-the-blank form and series of receipts and printouts from an internal accounting program[3]. At the bottom of the form, Plaintiff's counsel avers the costs listed are correct and were necessarily incurred in the action. Plaintiff's claims against Defendant Vanden Berg and Defendant Higgs, both individually and separately, overlapped. The alleged conspiracy between the two Defendants under 42 U.S.C. § 1983 to violate Plaintiff's civil rights by causing her arrest in violation of the Fourth Amendment involved issues that overlapped with Plaintiff's allegation of malicious prosecution. It follows that even if Plaintiff had not raised the section 1983 claim, she still would have deposed many, if not all, of the same individuals. All of the individuals named by

---

[3]Local Rule 54.1 provides for a motion and response concerning a bill of costs. W.D. MICH. L. CIV. R. 54.1. The Local Rule states the motion and response are governed by Local Rules 7.1 and 7.3. *Id.* Local Rule 7.1(a) requires all motions, except those made at trial, to be accompanied by a supporting brief.. W.D. MICH. L. CIV. R. 7.1(a).

Defendant Higgs had some information relevant to Plaintiff's claim for malicious prosecution. For example, Defendant Vanden Berg and Deputy Nieboer were present when Plaintiff's car was searched where the cocaine and wine planted by Defendant Higgs were found. By way of further example, the assistant prosecuting attorneys made decisions relevant to Plaintiff's prosecution on the basis of the information supplied by Defendant Vanden Berg.

*Plaintiff's Motion for Order to Add Interest (Dkt. No. 103)*

Plaintiff requests the Court add interest to the damages awarded by the jury. Plaintiff argues, under M.C.L. § 600.6013, she is entitled to interest from the date the complaint was filed, February 27, 2006, through the date of the jury verdict, February 13, 2009. Defendant Higgs has not filed any response. Subsection 6013(8) authorizes a court to award interest, in six month intervals, on money judgments recovered in civil actions beginning on the date the complaint was filed. M.C.L. § 600.6013(8). Plaintiff prayer for relief in her complaint included a request for interest. Plaintiff's motion (Dkt. No. 103) is **GRANTED.**

For the reasons explained above, **IT IS HEREBY ORDERED:**

1. Defendant Vanden Berg's motion (Dkt. No. 97) is **GRANTED IN PART and DENIED IN PART.** Defendant Vanden Berg's is awarded $2,234.23 in costs against Plaintiff.

2. Plaintiff's motion (Dkt. No. 105) to extend deadline to reply is **GRANTED.**

3. Plaintiff's motion (Dkt. No. 99) to treble damages is **DENIED.**

4. Plaintiff's proposed bill of costs (Dkt. No. 101) is **GRANTED.**

5. Plaintiff's motion (Dkt. No. 103) to add interest is **GRANTED.**

Date:   March 30, 2009                                  /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        Chief United States District Judge